UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAJEM IBRAHIEM,

       Plaintiff,

                CIVIL CASE NO. 06-10940

v.

CITY OF FLINT, FLINT POLICE      HONORABLE PAUL V. GADOLA
DEPARTMENT, FLINT CITY MAYOR,   U.S. DISTRICT JUDGE
FLINT CIVIL SERVICE COMMISSION, and
FLINT CITY COUNCIL,

       Defendants.
_____/

## **ORDER**

    This cause of action arises out alleged acts by Defendants that occurred between October 16, 2005 and October 19, 2005.  Plaintiff alleges that Defendant police officers conducted an improper search and seizure of his property, violated his civil rights, and failed to return a portion of his property that was seized.  Plaintiff maintains that the City of Flint, the Flint Police Department, the Flint Civil Service Commission, and the Flint City Council "caused and condoned" the improper acts of the Flint police officers.  Pl.'s Compl., ¶ 11.  Plaintiff also pleads against the Flint City Mayor because he "is responsible for the day to day operation of the Police Department."  Pl.'s Compl., ¶ 3.  Plaintiff seeks $5,000,000 in compensatory damages as a result of these events.  Pl.'s Compl., ¶ 13.

    Now before the Court are Defendant Flint Police Department's ("FPD") August 30, 2006 motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and Defendant City of Flint's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5).

    Local Rule 7.1(b) for the Eastern District of Michigan requires that a "respondent opposing

a motion must file a response, including a brief and supporting documents then available." E.D. Mich. Local R. 7.1(b) (emphasis added). Local R. 7.1(d)(1)(B) requires that responses to dispositive motions are due within twenty-one (21) days of service of the motion. E.D. Mich. Local R. 7.1(d)(1)(B). Accordingly, the response to these motions was due on approximately September 24, 2006. *See* Fed. R. Civ. P. 6(e). Since no response has been filed, Plaintiff has violated the Eastern District of Michigan's Local Rules and Defendant's motion is unopposed. Accordingly, the Court must assess the merits of Defendants' motions without a response.

First, considering FPD's motion to dismiss, Defendant FPD argues that because the Flint Police Department is a sub-department of the City of Flint, pursuant to *Moomey v. City of Holland*, 490 F. Supp. 188, 190 (W.D. Mich 1980), FPD is not a proper party for this suit. "A suit against a city police department in Michigan is one against the city itself, because the city is the real party in interest." *Haverstick Enters., Inc. v. Financial Fed. Credit, Inc.*, 32 F.3d 989, 992 n.1 (6th Cir. 1994) (citing *Moomey v. City of Holland*, 490 F. Supp. 188, 190 (W.D. Mich. 1980); *Michonski v. City of Detroit*, 162 Mich. App. 485, 413 N.W.2d 438, 441 (Mich. App. 1987)). Accordingly, the Court finds that Defendant Flint Police Department is not a properly named Defendant and will be dismissed from this cause of action.

Second, Defendant City of Flint maintains that it should be dismissed from this cause of action because it has not been properly served under Michigan Court Rule 2.105(G). The Court finds that such a dismissal is inappropriate.

Defendant City of Flint indicates that the "summons and Complaint [were] received by an agent of the City of Flint Legal Department by way of an express mail envelope addressed to Trachelle Young, Chief Legal Officer of the City of Flint. . . . the Summons and Complaint

addressed to Trachelle Young [were] withheld." Def.'s Br., p. 5 (Aug. 30, 2006). Defendant maintains that the because the summons and complaint were received by the administrative staff of the City of Flint Law Department and not Trachelle Young personally, and because those documents were sent by two-day express mail and not by registered or certified mail the complaint should be dismissed. Def.'s Br., p. 5 (Aug. 30, 2006).

Federal Rule of Civil Procedure 4(j), entitled "Service Upon Foreign, State, or Local Governments" provides:

> (2) Service upon a state, municipal corporation, or other governmental organization subject to suit shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by **serving the summons and complaint in the manner prescribed by the law of that state** for the service of summons or other like process upon any such defendant.

Fed. R. Civ. P. 4(j)(2)[1] (emphasis added).

Turning then to examine the requirements for service under the law of Michigan, M.C.R. 2.105(G) states:

> (G) Public Corporations. Service of process on a public, municipal, quasi-municipal, or governmental corporation, unincorporated board, or public body may be made by serving a summons and a copy of the complaint on:
> \* \* \*
> (2) the mayor, the city clerk, or the city attorney of a city;
> \* \* \*
> The service of process may be made on an officer having substantially the same duties as those named or described above, irrespective of title. In any case, service may be made by serving a summons and a copy of the complaint on a person in charge of the office of an officer on whom service may be made and sending a

---

[1] Defendant cites Federal Rule of Civil Procedure 4(h) for the requirements of service upon the City of Flint. Although Rule 4(h) governs service upon corporations, Rule 4(j) pertains specifically to "municipal corporations," such as the City of Flint. Accordingly, this Court applies the more specific Federal Rule of Civil Procedure 4(j) to the instant case.

summons and a copy of the complaint by registered mail addressed to the officer at his or her office.

M.C.R. 2.105(G).

Although Defendant City of Flint appears to be correct in arguing that service was technically deficient because service was by express mail instead of certified mail, and because Chief Legal Officer [2] Young's assistant, not Young herself, took receipt of the documents, technically deficient service does not merit dismissal. "An action shall not be dismissed for improper service of process unless the service failed to inform the defendant of the action within the time provided in these rules for service." M.C.R. 2.105(J)(3). Where a defendant receives actual notice through receipt of the summons and complaint, even if the method of service is in error, the cause of action may proceed. *See Hill v. Frawley*, 400 N.W.2d 328, 329 (Mich. App. 1986); *Bunner v. Blow-Rite Insulation*, 413 N.W.2d 474, 476 (Mich. App. 1987). Therefore, because Defendant acknowledges that, "an agent of the City of Flint received the summons and complaint," Def.'s Mot., p. 1-2 (Aug. 30, 2006), and the "Summons and Complaint addressed to Trachelle Young was withheld," Def.'s Br., p. 5 (Aug. 30, 2006), the Court concludes that the City of Flint has been provided actual notice of the suit. Therefore, Defendant City of Flint is not entitled to be dismissed from this cause of action.

**ACCORDINGLY, IT IS HEREBY ORDERED** Defendant Flint Police Department's motion to dismiss [docket entry 18] is **GRANTED**; **DEFENDANT FLINT POLICE DEPARTMENT** is **DISMISSED** as a named defendant from this cause of action.

---

[2] Although M.C.R. 2.105(G) specifically mentions service upon the "City Attorney of a City," the Court has no information that "Chief Legal Officer" is not the equivalent position of City Attorney. Therefore, absent information to the contrary, the Court presumes the two titles refer to the same position.

**IT IS FURTHER ORDERED** that Defendant City of Flint's motion to dismiss [docket entry 19] is **DENIED**.

**SO ORDERED.**

Dated:   December 20, 2006                              s/Paul V. Gadola
                                                        HONORABLE PAUL V. GADOLA
                                                        UNITED STATES DISTRICT JUDGE

| Certificate of Service |
|---|
| I hereby certify that on   December 20, 2006   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                           l'Lanta M. Robbins                                       , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                      Najem Ibrahiem                           . <br><br>                                                       s/Ruth A. Brissaud<br>                                                       Ruth A. Brissaud, Case Manager<br>                                                       (810) 341-7845 |