UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAJEM IBRAHIEM,

    Plaintiff,

v.

THE CITY OF FLINT, et al.,

    Defendants.
_____/

CIVIL CASE NO. 06-10940

HONORABLE PAUL V. GADOLA
U.S. DISTRICT COURT

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

On March 1, 2006, Plaintiff Najem Ibrahiem filed a complaint against Defendants City of Flint, Flint Police Department ("FPD"), Flint City Mayor, Flint Civil Service Commission, and Flint City Council alleging constitutional violations under 42 U.S.C. § 1983. Plaintiff alleges that Defendants are liable for acts allegedly committed by certain Flint police officers during an arrest made on October 16, 2005. Plaintiff alleges that the Flint police officers conducted an improper stop and seizure, made a false arrest, mishandled his property, and subjected Plaintiff to racial discrimination.

On December 20, 2006, this Court granted FPD's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissing FPD from this cause of action, and denied Defendant City of Flint's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5). *See* Order [docket entry #28]. Now before the Court is Defendants' motion for summary judgment brought pursuant to Federal Rule of Civil Procedure 56. For the reasons stated below, the Court will grant Defendants' motion and dismiss this case with prejudice.

## I. Background

On October 16, 2005, Plaintiff drove from his house on Bennett Avenue in the City of Flint, Michigan to a store located on Lewis Boulevard between Bennett Avenue and Mabel Avenue. At that time, the City of Flint Police Department Special Operations Bureau Vice Unit was conducting a prostitution sting operation in the 2000 block of Lewis Boulevard. According to Plaintiff, an agent posing as a prostitute approached his vehicle as he was driving through the store parking lot. The agent offered to give Plaintiff a "blow job and sex" in exchange for twenty dollars. Pl. Opp. to Def. Mot. Sum. Judg., p.2. Plaintiff alleges that he refused the offer and told the agent to move away from his car. Ibrahiem Dep. 15:19-20. Here, Plaintiff's account of the facts differs from Defendants' account. Plaintiff alleges that he then drove away from the area toward Olive Avenue, where two Flint police officers approached him and arrested him. Defendants, however, claim that Plaintiff accepted the agent's offer and agreed to meet her down the block, where the two Flint police officers approached Plaintiff and arrested him. Def. Mot. Sum. Judg., p.7. Both parties agree that Plaintiff's possessions were confiscated during his arrest.

Plaintiff was then taken to a booking van less than one mile away. After he was booked and processed, Plaintiff was placed in the back of a police cruiser with another man. While in the police cruiser, a police officer returned Plaintiff's possessions to him in a paper bag. Ibrahiem Dep. 31:8-9. Plaintiff alleges that, when he looked in the bag, he noticed that some of his possessions, including $600.00 of Plaintiff's money, were missing. Plaintiff also allegedly noticed that some of the items in the bag did not belong to Plaintiff.

Plaintiff later paid a $900.00 administration fee for the return of his car. Plaintiff alleges that

2

another individual was not required to pay the $900.00 administration fee, even though this individual and Plaintiff were arrested for the same charges. Pl. Opp. to Def. Mot. Sum. Judg., p.2.

On October 16, 2005, Plaintiff signed a complaint written in Plaintiff's presence by Lt. Phil Smith of the Flint Police Department. Def. Mot. Sum. Judg., Exh. B. Plaintiff subsequently initiated the current case in this Court on March 1, 2006.

**II.     Legal Standard**

Defendants have filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue of material fact regarding the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Martin v. Ohio Turnpike Comm'n*, 968 F.2d 606, 608 (6th Cir. 1992).

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The Court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435-36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435.

A fact is "material" for purposes of summary judgment if proof of that fact would have the

3

effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Accordingly, when a reasonable jury could not find that the nonmoving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Id.*; *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993).

Once the moving party carries the initial burden of demonstrating that there are no genuine issues of material fact in dispute, the burden shifts to the nonmoving party to present specific facts to prove that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256. To create a genuine issue of material fact, the nonmoving party must present more than just some evidence of a disputed issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). As the United States Supreme Court has stated, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted); *see Celotex*, 477 U.S. at 322-23; *Matsushita*, 475 U.S. at 586-87.

Consequently, the nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990) (Gadola, J.), *aff'd*, 929 F.2d 701 (6th Cir. 1991). "The mere existence of a scintilla of

4

evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252; *see Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

**III.   Analysis**

Plaintiff's complaint alleges that, during his arrest, Plaintiff was deprived of his constitutional rights under the Fourth and Fourteenth Amendment in violation of 42 U.S.C. § 1983. As explained below, Defendants are entitled to summary judgment on Plaintiff's claims.

In addition to filing suit against the City of Flint, Plaintiff has filed suit against the Flint City Mayor, the Flint Civil Service Commission, and the Flint City Council. Plaintiff failed to affirmatively plead a suit against these latter Defendants in their individual capacities. Moreover, the course of proceedings do not indicate that these Defendants were put on notice that they were being sued in their individual capacities. *See Moore v. City of Harriman*, 272 F.3d 769, 772-74 (6th Cir. 2001). In his Complaint, Plaintiff fails to refer to any individual by name, refers to these Defendants collectively as "the City defendants," and alleges that they caused and condoned the actions of the police officers by their failure to supervise, train, discipline, and monitor the police officers. *See* Pl. Compl. Consequently, the Court finds that Plaintiff has brought suit against the Flint City Mayor, the Flint Civil Service Commission, and the Flint City Council in their official capacities. A suit against these Defendants in their official capacities is "to be treated as a suit against the entity." *Kentucky. v. Graham*, 473 U.S. 159, 166 (1985).

Suits brought against a city, its local government entities, and its employees are governed by *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). In *Monell*, the Supreme Court stated that

5

"a municipality cannot be held liable solely because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 691. Instead, "a plaintiff must show that the alleged federal right violation occurred because of a municipal policy or custom." *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (citing *Monell*, 436 U.S. at 694).

Viewing the record in the light most favorable to Plaintiff, Plaintiff has not set forth facts sufficient to establish a genuine issue of material fact as to whether Defendants promulgated an illegal policy or custom. Plaintiff has no produced no evidence of the police department's policy manual and procedures. Plaintiff has no information concerning the police department's procedures in training and supervising its police officers. Plaintiff has produced no evidence of written or unwritten policies or customary practices by Defendants that would violate his constitutional rights. Plaintiff merely asserts that Defendants failed to supervise, train, discipline, and monitor the Flint police officers. These mere allegations of an illegal custom or policy by Defendants without factual support cannot withstand a motion for summary judgment. Plaintiff has failed to produce evidence that would be sufficient to allow this case to proceed to a jury, and consequently, Defendants are entitled to summary judgment as a matter of law.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendants' motion for summary judgment [docket entry #29] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action, Civil Case No. 06-10940, is **DISMISSED WITH PREJUDICE.**

**SO ORDERED.**

Dated:   May 16. 2008                           s/Paul V. Gadola
                                                HONORABLE PAUL V. GADOLA
                                                UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   May 16, 2008  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

                    I'Lanta M. Robbins                          , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:           Najem Ibrahiem                         .

                                                s/Ruth A. Brissaud
                                                Ruth A. Brissaud, Case Manager
                                                (810) 341-7845